NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BROWN et al., | ) | |
| | ) | Hon. Harold A. Ackerman |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| ORGANON INTERNATIONAL INC., et al., | ) | Civil Action No. 07-3092 (HAA) |
| | ) | Consolidated Cases for Purposes |
| Defendants. | ) | of Motions to Remand |
| | ) | |
| ERIKSEN et al., | ) | Civil Action No. 07-3456 (HAA) |
| | ) | Consolidated Cases for Purposes |
| Plaintiffs, | ) | of Motions to Remand |
| | ) | |
| v. | ) | **CONSOLIDATED** |
| | ) | **OPINION AND ORDER** |
| ORGANON USA, INC., et al., | ) | **ADOPTING MAGISTRATE** |
| | ) | **JUDGE'S REPORTS AND** |
| Defendants. | ) | **RECOMMENDATIONS AND** |
| | ) | **GRANTING PLAINTIFFS'** |
| BOZICEV et al., | ) | **MOTIONS TO REMAND** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 08-2021 (HAA) |
| v. | ) | |
| | ) | |
| ORGANON USA, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

Jason Travis Brown, Esq.
Shelly A. Leonard, Esq.
BLAU, BROWN & LEONARD, LLC
304 Newark Avenue
Jersey City, New Jersey 07302
*Attorneys for Certain Plaintiffs*

1

Hunter J. Shkolnik, Esq.
RHEINGOLD, VALET, RHEINGOLD, SHKOLNIK & MCCARTNEY, LLP
113 East 37th Street
New York, New York 10016
*Attorneys for Certain Plaintiffs*

Andrew J. D'Arcy, Esq.
D'ARCY JOHNSON SHOBER & HASSEL, P.C.
333 E. Jimmie Leeds Road
Central Park; Suite No. 7
Galloway, New Jersey 08205
*Attorneys for Plaintiff Bozicev*

Melissa A. Geist, Esq.
REED SMITH LLP
136 Main Street, Suite 250
Princeton, New Jersey 08540
*Attorneys for Defendants*

**ACKERMAN, Senior District Judge:**

These matters come before the Court on the consolidated motions to remand filed by Plaintiffs. The Court referred these motions to Magistrate Judge Esther Salas, who entered two nearly identical written Reports and Recommendations ("R&Rs") on June 27, 2008. Magistrate Judge Salas recommended that Plaintiffs' motions be granted and that these cases be remanded. For the following reasons, this Court will adopt Magistrate Judge Salas's R&Rs and remand these cases to the Superior Court of New Jersey, Law Division, Essex County. This matter also comes before the Court on motion to remand (Doc. No. 6) on identical grounds in *Bozicev v. Organon USA, Inc.*, No. 08-2021. This matter has not been consolidated with the other *Organon* cases with pending motions to remand. For the same reasons as discussed below in adopting Magistrate Judge Salas's R&R, this Court will grant Plaintiff Bozicev's motion to remand.

2

*Background*

Plaintiffs in these actions were purchasers and users of the prescription contraceptive device NuvaRing. NuvaRing is manufactured and marketed by Defendants Organon USA, Inc., Organon Pharmaceuticals USA, Inc., Organon International, Inc. (collectively "Organon")[1] and Azko Nobel NV. Organon has its principal place of business in New Jersey and is a subsidiary of Azko Novel NF, a company organized under the laws of The Netherlands.

To date, Plaintiffs in these cases filed over fifty (50) separate, individual civil actions in the Superior Court of New Jersey, Law Division, Essex County, against Organon and Azko Novel NF. Azko Novel NF has not yet been served in any of these actions. In these actions, Plaintiffs bring New Jersey state-law claims alleging: violation of the New Jersey Product Liability Act ("NJPLA"), N.J.S.A. § 2A:58C-1, *et seq.*; failure to warn the public and medical community of known and potential dangers of the drug, in violation of the NJPLA; breach of warranty; common law negligence; violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1, *et seq.*; and common law fraud. Some of the individual complaints also include counts for loss of consortium. In these actions, Plaintiffs also seek punitive damages and attorneys' fees.

Organon timely removed each of these actions to this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446. Organon asserts two bases for removal in its many Notices of Removal. In all of these cases, Organon claims that this Court has federal question subject matter jurisdiction because Plaintiffs' "claims require resolution of issues premised on the

---

[1]Some of the Complaints in the *Organon* NuvaRing cases name additional defendants, including Organon BioSciences, N.V. and Schering Plough Corporation, which allegedly acquired Organon BioSciences.

application of federal law and regulations." This assertion stems in part from Plaintiffs' requests for punitive damages. The NJPLA prohibits punitive damages if the pharmaceutical drug or device at issue was subject to premarket approval by the federal Food and Drug Administration ("FDA"), *unless* "the product manufacturer knowingly withheld or misrepresented information required to be submitted under the agency's regulations, which information was material and relevant to the harm in question." N.J.S.A. § 2A:58C-5(c). Thus, Organon argues that Plaintiffs' punitive damages claims depend on a "fraud on the FDA" theory, rendering such claims as "arising under" federal law and inherently federal in nature because they raise substantial federal questions. Organon further contends that Plaintiffs' fraud claims under the NJCFA also present substantial federal questions because they implicate similar "fraud on the FDA" theories.

   Some of these cases were also removed on the alternative ground of diversity, even though Organon is a New Jersey resident and therefore the "forum defendant rule" of 28 U.S.C. § 1441(b) would appear to preclude diversity jurisdiction. Under this rule, a case may be removed based on diversity only if "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). Organon argues that this provision does not apply here because Plaintiffs had not properly served Organon at the time of removal in these matters.

   Upon removal, Plaintiffs filed motions to remand in each of these matters. As they were filed, this Court referred these motions to Magistrate Judge Salas. On October 3, 2007, over thirty motions to remand were pending in individual *Organon* NuvaRing cases. In a Letter Order on that date, Magistrate Judge Salas consolidated these motions for the sole purpose of deciding Plaintiffs' remand motions. All cases pending at the time were consolidated under one of two

cases: *Brown v. Organon International Inc.*, No. 07-3092, and *Eriksen v. Organon USA Inc.*, No. 07-3456. All pending motions to remand at the time were withdrawn, and a schedule for filing two consolidated motions, one in *Brown* and one in *Eriksen*, was established. In this Letter Order and later Letter Orders, all new motions to remand in *Organon* NuvaRing cases subsequently removed to this Court were consolidated for purposes of remand by Magistrate Judge Salas under either the *Brown* or *Eriksen* cases, depending on the designation of all counsel.[2] Based on Magistrate Judge Salas's orders, the decisions reached on the motions to remand in *Brown* and *Eriksen* are binding on the parties in all the consolidated cases.[3] The R&Rs also identify certain cases that were never formally consolidated for remand purposes but that the parties have agreed to resolve by way of the consolidated motions. (*Brown* R&R at 2 n.1; *Eriksen* R&R at 1 n.1.) In the Order at the end of this Opinion, this Court will list all of the cases controlled by this resolution of Plaintiffs' motions to remand.

Nearly all of the *Organon* NuvaRing cases removed to this District were assigned to this Court. For unknown reasons, two of these cases were assigned to the Honorable Stanley R. Chesler. In nearly identical Opinions dated December 12, 2007, based on the same arguments raised in the motions before this Court, Judge Chesler granted plaintiffs' motion to remand. *DeAngelo-Shuayto v. Organon USA Inc.*, No. 07-2923, 2007 WL 4365311 (D.N.J. Dec. 12, 2007); *Fields v. Organon USA Inc.*, No. 07-2922, 2007 WL 4365312 (D.N.J. Dec. 12, 2007).

---

[2]Plaintiffs apparently requested cases to be consolidated for remand under either *Brown* or *Eriksen* based on certain factual differences between "*Brown* cases" and "*Eriksen* cases." These factual differences do not affect the removal issues common to *all* of the *Organon* NuvaRing cases, as Magistrate Judge Salas's virtually identical R&Rs attest.

[3]This Court takes this opportunity to commend Magistrate Judge Salas for her able and efficient handling of these voluminous cases.

Magistrate Judge Salas found *DeAngelo-Shuayto* highly persuasive in reaching the same conclusion in her R&Rs.

Magistrate Judge Salas issued her R&Rs in *Brown* and *Eriksen* on June 27, 2008. In these R&Rs, Magistrate Judge Salas recommended that Plaintiffs' state law claims do not give rise to federal question jurisdiction, and that § 1441(b) bars removal based on diversity here. She thus recommended granting Plaintiffs' motions to remand. Magistrate Judge Salas also declined to award attorneys' fees and costs. The docket indicates that all Plaintiffs and Defendants have been served with the R&Rs in the consolidated cases, and that no objections to the R&Rs have been filed within the 10-day period established by Federal Rule of Civil Procedure 72(b) and Local Civil Rule 72.1(c)(2).

*Analysis*

A court must make a *de novo* determination of those portions of the R&R to which objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). While this Court need not review a Magistrate Judge's report before adopting it when no objections have been filed, *Thomas v. Arn*, 474 U.S. 140, 149 (1985), the Third Circuit has held that "the better practice is to afford some level of review to dispositive legal issues raised by the report," *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[I]t must be assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." *Id.* at 878.

This Court has carefully reviewed Magistrate Judge Salas's R&Rs, as well as Judge Chesler's Opinion in *DeAngelo-Shuayto* upon which Magistrate Judge Salas relied. This Court agrees with Magistrate Judge Salas's conclusions in all respects.

I.   **Federal Question Jurisdiction**

With regard to federal question jurisdiction, Plaintiffs clearly plead only state law claims and do not bring any direct federal claims. The well-pleaded complaint rule, which governs removal, dictates that federal question jurisdiction exists only when "federal law creates the cause of action" or when "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). The Federal Drug and Cosmetic Act ("FDCA") does not completely preempt Plaintiffs' state causes of action here and does not provide a private right of action. *DeAngelo-Shuayto*, 2007 WL 4365311, at *7.

Organon relies on *Grable & Sons Metal Products., Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 312 (2005), in which the Supreme Court held that where a substantial federal issue is embedded in purely state law claims, "arising under" jurisdiction may be found in certain circumstances. *Grable* concerned a quiet title action stemming from an IRS foreclosure. In *Grable*, the meaning of a federal notice statute was the *only* legal and factual issue in dispute. This Court agrees with Magistrate Judge Salas that "[w]hat stands from *Grable*, is that in certain circumstances the federal issue will be so integral to the state law cause of action, that resolution of the federal issue will be the only real issue in the case." (*Brown* R&R at 7; *Eriksen* R&R at 6.)   *Grable* only clarified that the Supreme Court's prior decision in *Merrell*

*Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), "did not require a federal cause of action as a condition for exercising federal-question jurisdiction," and did not alter the underlying requirements of *Merrell Dow* for finding "arising under" jurisdiction. *DeAngelo-Shuayto*, 2007 WL 4365311 at *8. The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813.

      The "fraud on the FDA" questions relevant to the availability of punitive damages under the NJPLA, and the similar issues relevant to Plaintiffs' NJCFA claims do not depend on the construction or interpretation of federal law. To obtain punitive damages, Plaintiff need show that Organon violated FDA regulations by knowingly withholding or misrepresenting information. N.J.S.A. § 2A:58C-5(c). "[T]he meaning of the federal statute is simply not in dispute, and establishing such predicate acts will not federalize the state law fraud claims at issue in this case." *DeAngelo-Shuayto*, 2007 WL 4365311, at *9. Rather, the punitive damages question focuses chiefly on liability issues governed by state law; the fraud-on-the-FDA element of punitive damages is far from the only issue in the case. This Court agrees with Magistrate Judge Salas and with Judge Chesler that Organon's reading of *Grable* "would confer federal jurisdiction anytime there is a federal issue imbedded in state law claims. This is not the holding that the Supreme Court envisioned in *Grable*." (*Brown* R&R at 9; *Eriksen* R&R at 8.) "Organon's attempt to federalize Plaintiff's punitive damages and fraud claims goes beyond what the *Grable* line of jurisprudence will admit." *DeAngelo-Shuayto*, 2007 WL 4365311, at *7.

      Organon also relies on the Supreme Court's holding in *Buckman Co. v. Plaintiffs' Legal Committee*, 531 U.S. 341, 348 (2001), that a "fraud on the FDA claim" conflicts with and

impliedly preempted by federal law. While *Buckman* dictates that state fraud-on-the-FDA claims are preempted, "*Buckman* does not make any holding with regard to the existence of federal question jurisdiction over a case by virtue of a state law claim that incorporates federal law as setting forth the standard of offending conduct." *DeAngelo-Shuayto*, 2007 WL 4365311, at *7. As Magistrate Judge Salas correctly observed, "[t]he issue in this case is whether Plaintiffs' claim[s] arise under federal law, not whether there is preemption under *Buckman*." (*Brown* R&R at 10; *Eriksen* R&R at 9.) In similarly finding, Judge Chesler concluded that "'[a] state law cause of action does not give rise to a substantial and disputed question of federal law simply because it is predicated on conduct regulated by federal law.'" *DeAngelo-Shuayto*, 2007 WL 4365311, at *7 (quoting *Hirschbach v. NVE Bank*, 496 F. Supp. 2d 451, 455 (D.N.J. 2007)).

For these reasons, this Court adopts Magistrate Judge Salas's recommendation that Plaintiffs' state law claims do not arise under federal law and do not give rise to federal question jurisdiction.

## II.     Diversity Jurisdiction

With regard to certain cases, Organon also contends that removal is proper based on diversity jurisdiction.[4] This Court also agrees with Magistrate Judge Salas that 28 U.S.C. § 1441(b) bars an in-state defendant from removing to federal court even if they have not been "properly joined and served." Reading the statute literally would give rise to the absurd, "untenable result that forum defendants can remove actions from state court as long as they do so

---

[4]Magistrate Judge Salas's R&Rs list the cases in which Organon asserts this diversity basis for jurisdiction. (*Brown* R&R at 3 n.4; *Eriksen* R&R at 3 n.4.)

before they are served." *DeAngelo-Shuayto*, 2007 WL 4365311, at *3. "[S]uch a bizarre result cannot possibly have been the intent of the legislature." *Id.* at *4. Rather than allow "gamesmanship by defendants," *id.* at *5, this Court agrees with Magistrate Judge Salas that § 1441(b) must be read to preclude removal by an in-state defendant whether it has been served or not. "[A] literal application would allow defendants to avoid the imposition of the forum defendant rule as long as they are monitoring state dockets and avoiding service." (*Brown* R&R at 13-14; *Eriksen* R&R at 13.)

Magistrate Judge Salas's R&Rs and Judge Chesler's extensive discussion in *DeAngelo-Shuayto* (and *Fields*) fully and persuasively explain how Organon's reading, while in accord with the plain language of the statute, would "frustrate" (*Brown* R&R at 14; *Eriksen* R&R at 13) and "eviscerate the purpose of the forum defendant rule," *DeAngelo-Shuayto*, 2007 WL 4365311, at *5. The forum defendant rule serves to protect against a plaintiff's gamesmanship with regard to removal, by preventing a plaintiff from improperly or fraudulently joining in-state defendants merely to defeat removal by a defendant. *DeAngelo-Shuayto*, 2007 WL 4365311, at *3 (collecting cases). To apply the "properly joined and served" language literally where an in-state defendant removes, would promote the same type of litigant gamesmanship that the rule seeks to limit, and thus violate the clear purpose of the legislative provision. Furthermore, where an in-state defendant such as Organon seeks removal prior to service or after improper service, there is no reason to "ignore" the forum defendant rule because "there is no fear of local bias" in the state court against the in-state defendant. *DeAngelo-Shuayto*, 2007 WL 4365311, at *4. Allowing removal here simply "does not comport with the policy underlying the statutes providing for removal based on diversity jurisdiction and frustrates the policy underlying the forum defendant

rule." *Id.*

This Court must give effect to the purpose of the statute rather than its literal words of the statute. *Id.* at *3-4. Section 1441(b) bars removal here even if Organon has not been "properly joined and served." This Court adopts Magistrate Judge Salas's recommendation that removal based on diversity was improper.

**III.     *Bozicev***

As stated at the outset, the recently-filed motion to remand in *Bozicev*, another *Organon* NuvaRing case, has not been consolidated with *Brown* or *Eriksen*. Organon asserts only the federal question basis for removal in *Bozicev*. In all relevant aspects, the motion to remand in *Bozicev* and the issues it raises are identical to those in *Brown* and *Eriksen*, and indeed in *DeAngelo-Shuayto* and *Fields*. For the reasons stated above, this Court will grant Plaintiff Bozicev's motion to remand.

*Conclusion and Order*

It is therefore hereby ORDERED that Magistrate Judge Salas's two June 27, 2008 Reports and Recommendations are ADOPTED. The R&Rs adopted by the Court are those filed in *Brown v. Organon Int'l Inc.*, No. 07-3092 (Doc. No. 21), and *Eriksen v. Organon USA Inc.*, No. 07-3456 (Doc. No. 17). It is hereby further ORDERED that all cases consolidated for purposes of remand under *Brown* and *Eriksen* are REMANDED to the Superior Court of New Jersey, Law Division, Essex County. It is hereby further ordered that Plaintiff's motion to remand in *Bozicev v. Organon USA Inc.*, No. 08-2021 (Doc. No. 6) is GRANTED, and this case

is also REMANDED to the Superior Court of New Jersey, Law Division, Essex County.  A chart listing all of the motions granted and cases remanded and closed by this Opinion and Order follows.

Newark, New Jersey
Dated: July 21, 2008

/s/ Harold A. Ackerman
U.S.D.J.

**MOTIONS GRANTED AND CASES REMANDED AND CLOSED BY THIS OPINION AND ORDER**

| **Docket No.** | **Case Name** | **Document Nos.** |
|---|---|---|
| 07-3092 | *Brown v. Organon Int'l Inc.* | 12, 13, 21 |
| 07-3456 | *Eriksen v. Organon USA, Inc.* | 12, 17 |
| 07-5253 | *Hunger v. Organon USA, Inc.* | 7, 13 |
| 07-5916 | *Tremblay v. Organon USA, Inc.* | 6, 8 |
| 08-2021 | *Bozicev v. Organon USA, Inc.* | 6 |
| 07-2835 | *Savoie v. Organon USA, Inc.* | |
| 07-2873 | *Barrow v. Organon USA, Inc.* | |
| 07-3262 | *Bonnee v. Organon USA, Inc.* | |
| 07-3264 | *Buckner v. Organon USA, Inc.* | |
| 07-3265 | *Byrd v. Organon USA, Inc.* | |
| 07-3266 | *Coyle v. Organon USA, Inc.* | |
| 07-3267 | *Disselhorst-Reese v. Organon USA, Inc.* | |
| 07-3268 | *Ebner v. Organon USA, Inc.* | |
| 07-3269 | *Gambale v. Organon USA, Inc.* | |
| 07-3270 | *Grayned v. Organon USA, Inc.* | |
| 07-3300 | *Griffith v. Organon USA, Inc.* | |
| 07-3301 | *Hampton v. Organon USA, Inc.* | |
| 07-3302 | *Hawes v. Organon Inc.* | |
| 07-3303 | *Hendricks v. Organon USA, Inc.* | |
| 07-3304 | *Kippola v. Organon Inc.* | |
| 07-3305 | *Mariconda v. Organon USA, Inc.* | |
| 07-3306 | *McCarthy v. Organon Inc.* | |
| 07-3307 | *Medina v. Organon Inc.* | |
| 07-3308 | *Moore v. Organon Inc.* | |

| | |
|---|---|
| 07-3328 | *Nickels v. Organon Inc.* |
| 07-3329 | *Nolan v. Organon USA, Inc.* |
| 07-3330 | *Ponce v. Organon Inc.* |
| 07-3331 | *Richardson v. Organon USA, Inc.* |
| 07-3332 | *Stamps v. Organon Inc.* |
| 07-3333 | *Townes v. Organon USA, Inc.* |
| 07-3334 | *Usher v. Organon Inc.* |
| 07-3336 | *Vialva v. v. Organon Inc.* |
| 07-3337 | *Wagner v. Organon USA, Inc.* |
| 07-4380 | *Dow v. Organon USA, Inc.* |
| 07-4787 | *Bradley v. Organon USA, Inc.* |
| 07-4821 | *San Juan v. Organon USA, Inc.* |
| 07-5757 | *Namack v. Organon USA, Inc.* |
| 07-5758 | *Ziwange v. Organon USA, Inc.* |
| 07-5780 | *Mecca v. Organon USA, Inc.* |
| 07-5915 | *Leach v. Organon USA, Inc.* |
| 07-5933 | *Rowe v. Organon USA, Inc.* |
| 07-6164 | *Summers v. Organon USA, Inc.* |
| 07-6165 | *Evaul v. Organon USA, Inc.* |
| 08-196 | *Millan v. Organon USA, Inc.* |
| 08-260 | *Vaughn v. Organon USA, Inc.* |
| 08-388 | *Haupt v. Organon USA, Inc.* |
| 08-571 | *Gordon v. Organon USA, Inc.* |
| 08-573 | *Thomas v. Organon USA, Inc.* |
| 08-574 | *West v. Organon USA, Inc.* |
| 08-575 | *Timothy v. Organon USA, Inc.* |
| 08-849 | *McCullough v. Organon USA, Inc.* |
| 08-1656 | *Bartelmez v. Organon USA, Inc.* |